IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-55-TAV-HBG |
| | ) | |
| JARET AXELL, and | ) | |
| JACKSON BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the Court on January 13, 2020, for a scheduled pretrial conference and motion hearing on Defendant Jackson Brown's Motion to Continue [Doc. 37], filed on December 29, 2020. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Attorney Kimberly A. Parton represented Defendant Jaret Axell. Attorney James H. Varner, Jr., represented Defendant Brown. Both Defendants were also present.

Defendant Brown moves [Doc. 37] the Court to continue the January 28, 2020 trial date to give counsel time to prepare the case for trial. The Defendant notes that defense counsel is having knee replacement surgery on December 31, 2019, and recuperation, to include physical therapy, from this surgery will consume his time in the weeks leading up to the trial. The motion relates that counsel has explained to the Defendant the right to a speedy trial and that all of the time leading up to the new trial date will be excludable under the Speedy Trial Act. The motion relates that the Government does not oppose a trial continuance.

At the motion hearing, Mr. Varner said that a trial continuance is necessary for two main reasons. The first is his physical condition, which currently prevents him from functioning. Mr. Varner stated that physical therapy is consuming most of his time and that he cannot sit at a desk or concentrate for more than thirty minutes consecutively. Mr. Varner said the second reason is that once he is able to work, he needs additional time to prepare for trial, given the complex facts of this case. Ms. Parton moved to join in Defendant Jackson's Motion to Continue. She said she needs more time to research and investigate several sentencing enhancements. AUSA Kolman confirmed that the Government did not oppose the motion. The parties agreed on a new trial date of May 12, 2020.

The Court finds the Defendants' joint motion[1] to continue the trial to be unopposed and well taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that without a trial continuance, Defendant Brown would be deprived of the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also concludes that continuing the trial for three and one-half months is necessary in this case in order to give counsel for both defendants the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Defense counsel need to research sentencing enhancements, to interview witnesses, and to prepare for trial. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The unopposed, joint motion to continue the trial [**Doc. 37**] is **GRANTED**, and the trial of this matter is reset to **May 12, 2020**. The Court finds that all the time between the filing of

---

[1]Defendant Axell's oral motion to join in the motion for a continuance is **GRANTED**.

Defendant Brown's motion on December 29, 2019, and the new trial date of May 12, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, motions *in limine* are due on or before **April 27, 2020.** The undersigned will hold a final pretrial conference on **April 28, 2020, at 11:00 a.m**. This date will also be the new deadline for concluding plea negotiations and providing reciprocal discovery. Requests for special jury instructions shall be filed no later than **May 1, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Brown's Motion to Continue [**Doc. 37**] is **GRANTED**. Defendant Axell's oral motion to join in this motion is also **GRANTED**;

(2) The trial of this case is reset to commence on **May 12, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **December 29, 2019**, and the new trial date of **May 12, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Motions *in limine* must be filed on or before **April 27, 2020**;

(5) The Court will hold a final pretrial conference on **April 28, 2020, at 10:00 a.m.** This date is also the new deadline for filing plea agreements in the record and providing reciprocal discovery; and

(6) Requests for special jury instructions shall be filed no later than **May 1, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*

_____
H. Bruce Guyton
United States District Judge